UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BRIAN PECKINPAUGH, | |
| Plaintiff, | CIVIL ACTION NO. 3:14-CV-26 |
| v. | PLAINTIFF'S COMPLAINT |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, BRIAN PECKINPAUGH ("Plaintiff"), by his attorneys, and hereby alleges the following against MIDLAND CREDIT MANAGEMENT, INC., ("Defendant"):

### Introduction

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

### Jurisdiction and Venue

3. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of Georgia establishing personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Parties

6. Plaintiff is a natural person residing in Monroe, Walton County, Georgia.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a business entity with an office located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

12. Prior to the filing of this Complaint, a third party placed an account with Defendant that is alleged to be past due and owed by Plaintiff ("debt") for the purpose of collecting monies from Plaintiff.

13. Upon information and belief, the alleged debt arises from transactions on a Household Bank credit card which was used for personal, family and household purposes.

14. For over a year, Defendant has placed telephone calls to Plaintiff in connection with its attempts to collect the alleged debt ("collection calls").

15. Defendant has been assigned multiple telephone numbers from its telephone service provider(s) including, but not limited to, (877) 237-0512, which Defendant uses to place collection calls.

16. The aforementioned collection calls were placed using an automatic telephone dialing system.

17. Defendant places it collection calls to Plaintiff at (770) 743-67xx, which is Plaintiff's cellular telephone, and (770) 899-97xx, Plaintiff's former cellular telephone.

18. Plaintiff never consented to allow Defendant to call his cellular telephone.

19. In or around March of 2013, Defendant called Plaintiff's cellular telephone and made a "settlement offer" to Plaintiff to pay the alleged debt.

20. During that conversation, Defendant told Plaintiff that Defendant was ready to send the account to a lawyer to file a lawsuit against Plaintiff if he did not pay Defendant.

21. Upon information and belief, neither Defendant nor any other entity acting on Defendant's behalf has filed a lawsuit against Plaintiff relating to the alleged debt.

22. Plaintiff has informed Defendant on at least three (3) occasions, with the last conversation occurring in or around November of 2013, that his only source of income is Social Security Disability Insurance, that he does not have the money to pay the alleged debt, and to stop calling.

23. Thus, Plaintiff revoked an authorization, actual or apparent, explicit or implied, to stop calling his cellular telephone.

24. Despite Plaintiff's repeated requests, Defendant continues to place excessive collection calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

25. Specifically, between January 10, 2014, and January 29, 2014, Defendant called Plaintiff's cellular telephone 70 times using an automatic telephone dialing system. *See* call log created by Plaintiff, attached hereto as Exhibit A.

26. Plaintiff is annoyed by Defendant's constant, continuous and excessive telephone calls, and feels harassed and abused by Defendant.

27. Defendant uses harassing conduct to attempt to collect the alleged debt from Plaintiff.

## Count I
## Defendant Violated the Fair Debt Collection Practices Act

28. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   b. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

   c. Defendant violated § 1692e(10) of the FDCPA by making false statements and/or deceptive means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff, BRIAN PECKINPAUGH, requests that judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

29. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

31. Any other relief that this Honorable Court deems appropriate.

## Count II
## Defendant Violated the Telephone Consumer Protection Act

32. Plaintiff incorporates by reference the forgoing Paragraphs 1-27.

33. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRIAN PECKINPAUGH, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

35. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

36. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

37. All court costs, witness fees and other fees incurred; and

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: March 6, 2014

KROHN & MOSS, LTD.

By: /s/ Shireen Hormozdi
    Shireen Hormozdi
    Krohn & Moss, Ltd
    10474 Santa Monica Blvd.
    Suite 405
    Los Angeles, CA 90025
    Tel: (323) 988-2400 x 267
    Fax: (866) 861-1390
    Email: shormozdi@consumerlawcenter.com